IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GREGORY TORAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-cv-03034 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Gregory Toran's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). A hearing on the motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." Hutchings v. United States, 618 F.3d 693, 699-700 (7th Cir. 2010). Because Petitioner is not entitled to relief, Petitioner's § 2255 motion is DENIED.

### I. BACKGROUND

On September 11, 2013, Petitioner and his co-defendant, Tina Kimbrough, were charged in a nine-count Indictment. Count 1 of

the Indictment charged Petitioner and Kimbrough with conspiracy to commit mail fraud and health care fraud. United States v. Kimbrough et al., Case No. 13-cr-30072 (hereinafter, Crim.), Indictment (d/e 1), at 1-3. Counts 2 through 8 charged Petitioner and Kimbrough with mail fraud. Id. at 4-18. Count 9 charged Kimbrough with knowingly and willfully making a false statement in connection with the delivery of, or payment for, health care benefits, items, or services. Id. at 19. Kimbrough pled guilty to Counts 1, 6, and 9 of the Indictment on June 23, 2015.

During the pendency of the criminal case, Petitioner filed a motion asking the Court to enter an order releasing $175,000 held in escrow. Crim., Motion (d/e 38), at 4-5. According to the motion, the money was needed to pay Petitioner's trial counsel and to obtain hardware and software needed to effectively search the numerous documents produced by the Government. Id. at 3-4. The estimated cost of reviewing the electronic discovery produced by the Government was between $25,000 and $50,000. Id. at 4. In a supplemental motion filed in support of Petitioner's request for the release of funds held in escrow, Petitioner's trial counsel sought leave to withdraw if the funds were not released, claiming that they

could not provide Petitioner with effective assistance of counsel without the requested funds. Crim., Supp. Motion (d/e 56), at 4.

On May 1, 2015, the Court granted in part and denied in part Petitioner's motions seeking the release of $175,000 in escrowed funds. Crim., Opinion (d/e 66), at 25. The Court ordered the release of just under $50,000 of the funds held in escrow. Id.

On April 4, 2016, Petitioner filed a motion to reconsider the Court's ruling on the escrow motions, asking for the release of additional escrow funds (nearly $20,000) and noting that Petitioner had not yet been able to obtain the hardware and software needed to review discovery. Crim., Motion (d/e 109), at 2-4. The Court denied this motion on April 26, 2016.

Petitioner proceeded to a bench trial on Counts 1 through 8. At trial, the Court heard testimony from Kimbrough, who testified on direct that she conspired with Petitioner to engage in fraudulent overbilling while operating a company from 2006 to June 2011. See Crim., Transcript (d/e 265), at 1802, 1835. On cross-examination, however, Kimbrough testified that she and Petitioner did not conspire or plan to engage in fraudulent overbilling. See Crim., Transcript (d/e 267), at 2043-44, 2071-72, 2124-25.

On redirect, Kimbrough stated that she had been confused by the questions posed on cross-examination by Vincent. Crim., Transcript (d/e 269), at 2130, 2139. Kimbrough also explained that she and Petitioner knew about the overbilling, discussed it, and intentionally did nothing to correct it. See id. at 2139-41, 2150-52. Vincent did not lodge objections to this redirect testimony. On recross, Kimbrough acknowledged that her redirect testimony was inconsistent with her cross-examination testimony and that the change in testimony came after Kimbrough had a 10-minute conference with her attorney. Id. at 2175-76.

On July 25, 2016, the Court found Petitioner guilty on each of Counts 1 through 8 and entered a written verdict. Crim., Verdict (d/e 175). On August 11, 2016, Petitioner filed a motion for a new trial, asserting that the Court's refusal to release the full $175,000 held in escrow deprived Petitioner of the ineffective assistance of counsel because Petitioner could not purchase the software needed to review discovery. Motion (d/e 183), at 3. According to Petitioner, the failure to thoroughly review the discovery may have prevented trial counsel from filing appropriate pretrial motions or calling relevant witnesses. Id. Petitioner further claimed that the outcome

of his trial would have been different had the requested escrow funds been released.  Id.

On September 8, 2016, the Court denied Petitioner's motion for a new trial.  Crim., Opinion (d/e 194), at 22.  In doing so, the Court noted that the discovery had been provided or made available to Petitioner's trial counsel far in advance of trial and that counsel could have purchased the software to review discovery with the funds that the Court released from escrow.  Id. at 16.  The Court also noted that Petitioner's trial counsel "stipulated to the admission of numerous business records and effectively cross-examined witnesses about the documents in question," which strongly suggested that counsel sufficiently reviewed the discovery and made a strategic decision to defend the case the way they did.  Id. at 17.  The Court found that Petitioner had failed to show what a more thorough investigation of discovery would have produced, failed to overcome the presumption that the performance by trial counsel was reasonable, and failed to established that Petitioner was prejudiced by the Court's refusal to release all escrow funds requested by Petitioner.  Id. at 17-18.

On January 23, 2017, the Court sentenced Petitioner to 60 months' imprisonment and 3 years of supervised release on each of Counts 1 through 8, with the sentences on each count to run concurrently. Crim., Judgment (d/e 227), at 1, 3-4. The Court also ordered Petitioner to pay $4.7 million in restitution, with $4 million owed jointly and severally by Petitioner and Kimbrough. Id. at 6-7.

On January 26, 2017, Petitioner filed a Notice of Appeal. Crim., Notice of Appeal (d/e 230). On October 24, 2017, the Seventh Circuit granted the motion to withdraw filed by Petitioner's appellate counsel in accordance with Anders v. California, 386 U.S. 738 (1967), and dismissed Petitioner's appeal. Crim., Order (d/e 285-2), at 1; Crim., Final Judgment (d/e 285-1).

In February 2018, Petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, alleging several claims of ineffective assistance of counsel. On January 14, 2019, the Government filed its Response to Petitioner's Motion Under 28 U.S.C. § 2255 (d/e 10). Two weeks later, Petitioner filed a reply (d/e 11).

## II. ANALYSIS

A prisoner claiming that his convictions and sentence violate the Constitution may move for the Court to vacate the convictions and sentence. See 28 U.S.C. § 2255(a). Relief under § 2255 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).

A section 2255 motion is timely if it is filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). A judgment of conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). A petition for a writ of certiorari must be filed within 90 days of the entry of judgment. S. Ct. R. 13.1. The Seventh Circuit dismissed Petitioner's appeal and entered judgment on October 24, 2017. Petitioner filed his § 2255 motion in February 2018. Therefore, Petitioner's motion is timely under § 2255(f)(1).

Having established that Petitioner's § 2255 motion is timely, the Court now turns to the merits of Petitioner's claims of ineffective

assistance of counsel. To establish ineffective assistance of counsel, a defendant must show that "his counsel's performance fell below an 'objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Weaver v. Nicholson, 892 F.3d 878, 884 (7th Cir. 2018) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Hicks v. United States, 886 F.3d 648, 650 (7th Cir. 2018) (quoting Strickland, 466 U.S. at 697).

To establish ineffective assistance of counsel, a petitioner must show that counsel "made errors so serious that [counsel] was not functioning as the counsel guaranteed to [the petitioner] by the Sixth Amendment" and that the petitioner was "deprived of a fair trial" as a result. Hinesley v. Knight, 837 F.3d 721, 731-32 (7th Cir. 2016) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A petitioner must overcome the strong presumption that counsel's actions fall within a "wide range of reasonable representation." Id. at 732. Indeed, judges must be "highly

deferential" to counsel's strategic choices. Id. This presumption and deference must be overcome without the "distorting effects of hindsight" and with full recognition of the "countless ways" counsel may provide effective assistance in any given case. Id.

Petitioner asserts four claims of ineffective assistance of counsel in his § 2255 motion. First, Petitioner claims that his trial counsel were ineffective because they failed "to challenge the denial of [Petitioner's] right to due process before depriving [Petitioner] of liberty and property." Motion (d/e 1), at 4. Petitioner explains that this ineffective assistance claim stems from trial counsel's failure to challenge the Illinois Department of Healthcare and Family Services' (Department) failure to abide by its regulations regarding recovery for overpayment. See id. at 21-23. Specifically, Petitioner takes issue with the Department's decision not to allow Petitioner's company to enter into a repayment agreement with the Department in an effort by Petitioner to avoid criminal prosecution. See id. at 23. Petitioner claims that, had his trial counsel challenged the Department's actions, a civil remedy could have been reached without the need for a criminal trial. Id.

Petitioner's claim is without merit. Petitioner committed several criminal offenses related to fraudulent overbilling involving the Department. Any decision by the Department to forego efforts to recoup funds paid out as a result of Petitioner's conduct did not prohibit a grand jury from indicting Petitioner for his offenses or a trial on the counts included in the Indictment. In short, Petitioner's due process rights were not violated by any decision made by the Department. Accordingly, Petitioner's trial counsel did not render ineffective assistance by not challenging the Department's actions.

Second, Petitioner claims that trial counsel were ineffective because they failed to adequately prepare for trial by reviewing the discovery material provided to them. See id. at 5, 23-25. The Court rejected this argument in ruling on Petitioner's motion for a new trial in his criminal case. Petitioner's trial counsel stipulated to the admission of numerous business records. Petitioner's counsel also effectively cross-examined witnesses about discovery documents, which they could not have done without having sufficiently reviewed the discovery materials produced by the Government.

In addition, Petitioner had not even attempted to establish what a more thorough investigation of discovery by Petitioner's trial

counsel would have produced. Nor does Petitioner assert that the outcome of his trial would have been different had trial counsel more thoroughly examined the discovery materials. See id. at 25 ("Had the trial attorneys adequately prepared for trial, the outcome would, more likely than not, [have] been a finding of not guilty; or, perhaps no trial at all.") (emphasis added). Given these deficiencies, Petitioner's second claim of ineffective assistance of counsel fails.

Petitioner's third claim is that his appellate counsel's decision to file an Anders brief without conducting a thorough examination of the record performance constituted ineffective assistance. See id. at 7, 25-27. Petitioner claims that his appellate counsel failed to raise meritorious claims on appeal. However, the Seventh Circuit, after reviewing the thorough Anders brief submitted by Petitioner's appellate counsel and Petitioner's response to that brief, determined that Petitioner's appeal was frivolous. Crim., Order (d/e 285-2). Petitioner has not identified any specific non-frivolous claims that appellate counsel should have pursued on appeal. Petitioner's appellate counsel did not render ineffective assistance by filing an Anders brief and moving to withdraw.

Lastly, Petitioner claims that his trial counsel appointed to cross-examine Kimbrough, Jason Vincent, rendered ineffective assistance by failing to object to perjured testimony given by Kimbrough on redirect at Petitioner's trial. See Motion (d/e 1), at 8, 27-30. At trial, Kimbrough testified that she conspired with Petitioner to engage in fraudulent overbilling. However, on cross-examination, Kimbrough testified that she and Petitioner did not plan to engage in fraudulent overbilling. On redirect, Kimbrough testified that she had been confused by the questions posed on cross-examination and explained that she and Petitioner knew about the overbilling, discussed it, and did nothing to correct it.

According to Petitioner, Kimbrough was coached by counsel for the Government and Kimbrough's counsel to offer false testimony on redirect. See Motion, at 28-29. In dismissing Petitioner's direct appeal, the Seventh Circuit held that the Government, despite Kimbrough's "waffling on cross-examination," did not knowingly elicit perjured testimony from Kimbrough on direct or redirect. Crim., Order (d/e 285-2), at 3. Other than claiming that Kimbrough's redirect testimony was "obviously perjured," Petitioner has offered no reason to believe that Vincent

had actual knowledge that Kimbrough's testimony was false. Given Kimbrough's explanation that she had been confused by Vincent's cross-examination questions, Vincent had no valid basis to request the Court to strike Kimbrough's redirect testimony about conspiring with Petitioner to fraudulent overbill. See United States v. Hogan, 886 F.2d 1497, 1508 (7th Cir. 1989) (noting that inconsistencies affect the weight, not the admissibility, of evidence presented at trial). Vincent's available option was to challenge Kimbrough's redirect testimony on recross, which Vincent did by getting Kimbrough to admit that her change in testimony came after a 10-minute conference between her and her attorney. Vincent's failure to object to Kimbrough's redirect testimony about conspiring with Petitioner to fraudulently overbill did not constitute ineffective assistance of counsel.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). To receive a certificate of appealability

on a ground decided on the merits, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court concludes that jurists of reason would not find Petitioner's claims debatable. The Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, Petitioner Gregory Toran's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED. The Court declines to issue a certificate of appealability. Any pending motions are DENIED as MOOT. This case is CLOSED.

ENTER: February 14, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE